■ In the Matter of the Claim of DONNA SWARTZ, Claimant, v ABSOLUT CENTER FOR NURSING AND REHAB et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [30 NYS3d 592]—

Devine, J. Appeal from a decision of the Workers' Compensation Board, filed October 23, 2014, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment.

Immediately following the end of her shift, claimant was in the employer's parking lot and tripped on a trailer hitch on her parked car. She fell and sustained injuries to her right elbow and both hands. Claimant subsequently applied for workers' compensation benefits. The employer and its workers' compensation carrier controverted the claim, and, following a hearing, a Workers' Compensation Law Judge found that claimant sustained a work-related injury and awarded benefits. The Workers' Compensation Board affirmed, and this appeal ensued.

We affirm. "To be compensable under the Workers' Compensation Law, an injury must have arisen both out of and in the

course of a claimant's employment" (*Matter of McFarland v Lindy's Taxi, Inc.*, 49 AD3d 1111, 1112 [2008] [citations omitted]; *accord Matter of Panarella v JP Hogan Coring & Sawing Corp.*, 78 AD3d 1470, 1471 [2010]; *see* Workers' Compensation Law § 10 [1]). Moreover, "[w]hile on the employer's premises, going to or coming from work is generally considered an incident of the employment" (*Sicktish v Vulcan Indus. of Buffalo*, 33 AD2d 975, 976 [1970]; *accord Matter of Panarella v JP Hogan Coring & Sawing Corp.*, 78 AD3d at 1471; *see Matter of Mercado v Schenectady City School Dist.*, 24 AD3d 846, 847 [2005]).

Here, the record reveals that claimant tripped and fell in the employer's parking lot as she was preparing to leave at the end of her shift. Thus, there is substantial evidence in the record to support the Board's determination that claimant's injury arose out of and in the course of her employment (*see Matter of Mercado v Schenectady City School Dist.*, 24 AD3d at 847; *Matter of Camino v Chappaqua Transp.*, 19 AD3d 856, 856-857 [2005]; *Matter of Evans v J.W. Mays, Inc.*, 25 AD2d 597, 598 [1966], *lv denied* 17 NY2d 423 [1966]).

Lahtinen, J.P., McCarthy, Clark and Mulvey, JJ., concur. Ordered that the decision is affirmed, without costs.